IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KARLEE N. SPEARS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No. 2:09-CV-894-RDP |
| } | |
| **WAL-MART STORES, INC.,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand (Doc. # 5), filed on May 28, 2009, following this court's Show Cause Order (Doc. # 4), dated May 21, 2009. Defendant has responded to the Motion and the court's Show Cause Order. (Doc. # 7). Having carefully considered the removal papers and briefing by the parties, the court finds that the requisite jurisdictional amount in controversy is not evident in the removal papers and that this case was improvidently removed. Thus, the court will remand this case back to the Circuit Court of Blount County, Alabama.

**I.    Procedural History.**

On February 27, 2009, Plaintiff Karleen Spears, by and through her mother and next friend, Angela Frost, filed her Complaint in the Circuit Court of Blount County, Alabama, asserting a negligence claim against Defendant Wal-Mart Stores, Inc. The allegations in Plaintiff's Complaint relate to an incident during which Plaintiff alleges that she suffered certain injuries at one of Defendant's stores. Plaintiff's Complaint does not specify the amount of damages she seeks from Defendant. (Doc. # 1, Ex. C).

Defendant served the following Requests for Admission to Plaintiff on March 27, 2009:

1.    That you do not claim in excess of $75,000.00 as total damages in this case.

  2. That you do not intend to claim over $75,000.00 as total damages in this case.

  3. That you will not seek over $75,000.00 in total damages in this case.

  4. That you waive any amount of damages ever entered in this case in excess of $75,000.00.

  5. That you will not accept any award of damages over $75,000.00 in this case.

  6. That you agree that the above-stated limitations on your claim for damages will be binding on you, your heirs, representatives, and assigns with regard to all claims made or ever made in this lawsuit against Wal-Mart or any of its employees.

(Doc. # 1, Ex. B).[1]  On April 6, 2009, Plaintiff served her Answers to Defendant Wal-Mart Stores, Inc.'s Requests for Admission denying each request. (Doc. # 1, Ex. A).

On May 7, 2009, Defendant removed this case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant's removal was based upon diversity jurisdiction. In its Notice of Removal, Defendant argues that, although Plaintiff made no specific demand for damages in the Complaint, it can nonetheless satisfy its burden of establishing the requisite jurisdictional amount based upon Plaintiff's denial of its Requests for Admission. (Doc. # 1).

## II.  Legal Analysis.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit set forth in detail the procedures for evaluating whether the requisite jurisdictional amount in controversy has been established in a removal based upon diversity of citizenship. The Eleventh Circuit clarified not only that the removing party bears the burden of establishing the jurisdictional

---

[1] Interestingly, these Requests for Admission are virtually identical to those served on the plaintiff and used as the basis for removal in *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403 (M.D. Ala. 2009). The Honorable Mark E. Fuller remanded the *Harmon* case on March 16, 2009, eleven days before Defendant served the Requests for Admission in this case.

amount by a preponderance of the evidence, but also that a determination of the propriety of removal is to be evaluated on the basis of the removing documents. *Lowery*, 483 F.3d at 1208-9, 1213-14. Where the amount in controversy is not apparent on the removing documents, "the proper course is remand." *Id.*, at 1218. "In assessing whether removal was proper ... the district court has before it *only* the limited universe of evidence ... , *i.e.* the notice of removal and accompanying documents." *Id.*, at 1213-14 (emphasis added).

Defendant's Notice of Removal asserts that Plaintiff's denial of its Requests for Admission, and thus her refusal to admit that she will not claim and does not seek in excess of $75,000.00, establishes that the amount in controversy is in excess of $75,000.00, the requisite jurisdictional amount. In a separate case involving Wal-Mart, Chief Judge Fuller of the Middle District of Alabama, has already addressed whether denial of these same type of requests is sufficient to establish the amount in controversy. *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403 (M.D. Ala. 2009).

> Defendant's apparent hope is that the negativity of the denial would, as a matter of logic, cancel the negatives in the questions, yielding an admission of the positive opposite of the negative propounded statements. (*i.e.*, Defendant argues that if Plaintiff denies that she does not claim in excess of $75,000.00, she must claim in excess of $75,000.00 because one or the other must be true-the choice is binary). Or, stated generically, Defendant sought to prove the positive by eliciting a denial of the negative.

*Harmon*, 2009 WL 707403 at *3. General principles of logic do not apply here.

> In the context of a request for admission to a plaintiff from a defendant, however, the effect of a denial is not the same. On the one hand, when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed.R.Civ.P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.") ... . On the other, the effect of a denial is not to admit the

>opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute.

*Harmon*, 2009 WL 707403 at *4 (citing Fed.R.Civ.P. 36 advisory committee notes, 1970 Amendment) (internal citation omitted). "Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction" *Id.*

In its response to the Show Cause Order and Motion to Remand, Defendant directs the court's attention to the case of *Williams v. Wal-Mart Stores, Inc.*, 534 F.Supp.2d 1239 (M.D. Ala. 2008). The defendant in that case based its removal on similar, but not identical, requests for admission regarding the amount in controversy and the responses by the plaintiff. Williams moved to remand, but the basis for the motion to remand was timeliness. That is, in *Williams,* the court's opinion does not address the issue of whether the amount in controversy was satisfied. *Williams*, 534 F.Supp.2d at 1242-43.

Defendant also asserts that *Harden v. Field Memorial Community Hosp.*, 516 F.Supp.2d 600 (S.D. Miss. 2007) supports its removal. That case differs in some key aspects related to its factual allegations and the injuries claimed by that plaintiff. *Harden* is a medical malpractice case in which the plaintiff alleged that she "fainted while on a gurney in Field Memorial Hospital's emergency room ... [and] suffered a fractured jaw and nose, contusions, and lacerations due to the emergency room staff's failure to raise the gurney's 'pull-up' railing." *Harden*, 516 F.Supp.2d at 607. She sought "damages for her past, present, and future pain and suffering, loss of enjoyment of life, disabilities, disfigurement, and medical treatment." *Harden*, 516 F.Supp.2d at 608. In the case

before this court, Plaintiff alleges that she slipped and fell in a Wal-Mart store and suffered unspecified injuries.

In *Harden*, the plaintiff served evasive responses to the defendant's requests for admissions of which the court clearly did not approve. *Harden*, 516 F.Supp.2d at 608-09. The court noted that, "[a]lthough the plaintiff's discovery responses are vague and indefinite, her failure to admit or deny the requests for admission, coupled with her refusal to limit her damages as well as with her demand for multifold relief, make it unequivocally clear and certain that she intended to seek more than $75,000.00." *Id.* However, *Hardin* is distinguishable because in that case "the plaintiff made clear in her Memorandum of Authorities in support of her Motion to Remand based upon untimely removal that she intends to seek more than $75,000.00." *Id.*

Chief Judge Fuller's analysis of the effect of the denial of these types of requests for admission is persuasive. The denial of the negative requests does not equal an affirmative. Because the jurisdictional amount in controversy in this case is not apparent on the removing documents, "the proper course is remand." *Lowery*, 483 F.3d at 1218.

### III.  Conclusion

For the reasons outlined above, the court finds Defendant has not carried its burden of proving facts by a preponderance of the evidence that establish that the requite jurisdictional amount is at issue. By separate order, the court will remand this case to the Circuit Court of Blount County, Alabama.

**DONE** and **ORDERED** this      9th      day of June, 2009.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE